IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GARY D. CONARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 09-0695-CV-W-FJG |
| BAYER CROPSCIENCE, LP, et al., | ) ) ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion to Remand (Doc. # 7).

## I. BACKGROUND

Plaintiff originally filed this cause of action in the Circuit Court of Jackson County, Missouri on July 24, 2009. In his petition, plaintiff named as defendants Bayer CropScience ("Bayer") and Karen M. Barnes. Plaintiff is a resident of Missouri. Defendant Karen M. Barnes is a Human Resource Manager with Bayer and is also a resident of Missouri. Bayer is a limited partnership organized pursuant to the laws of the state of Delaware, with its principal place of business in North Carolina.

Plaintiff argues that diversity jurisdiction is lacking and remand is necessary because defendant Barnes is a Missouri resident. Defendants argue that Barnes' citizenship should be disregarded because she was fraudulently joined in this action to defeat diversity jurisdiction.

## II. STANDARD

In <u>Filla v. Norfolk Southern Railway Company</u>, 336 F.3d 806 (8th Cir. 2003), the

Court articulated the standard for determining whether a party has been fraudulently joined:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. [I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. . . .However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. . . . As we recently stated in Wiles [v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002)], joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

Id. at 810 (internal citations and quotations omitted).

In Barnes v. Dolgencorp, Inc., No. 06-0632-CV-W-ODS, 2006 WL 2664443, (W.D.Mo. Sept. 14, 2006), the Court stated:

> In conducting this inquiry, the Court must resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor, but the Court has no responsibility to *definitively* settle the ambiguous question of state law. . . . Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant. . . . Where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide. . . . Finally, the party seeking removal and opposing remand has the burden of demonstrating that federal jurisdiction exists.

Id. at *1 (internal citations and quotations omitted).

### III. DISCUSSION

Defendants argue that the Motion to Remand should be denied because 1) Plaintiff failed to exhaust his administrative remedies with respect to Barnes and 2) Plaintiff failed to specifically identify any actionable conduct taken against him by Barnes.

**A. Failure to Exhaust Administrative Remedies**

In order to file a claim under the Missouri Human Rights Act ("MHRA"), a plaintiff must first exhaust his administrative remedies by timely filing an administrative charge with the Missouri Commission on Human Rights. Defendants state that failure to name an individual as a respondent in the Administrative Complaint, even if they are identified in the charge, could result in civil claims against that individual being dismissed. Eckerman v. KMBC-TV, Case No. 4:08CV994DGK, Doc. No. 69, p. 3 (W.D.Mo. July 17, 2009). Defendants argue that even though Barnes was named in the Charge, the Charge was never sent to her personally as an individual respondent, she was never personally served with the Charge and she never personally received a determination from the Kansas City Human Rights Department or an invitation to conciliate. On May 29, 2009, the Kansas City Human Rights Department issued an administrative closure which identified only Bayer as the respondent. On June 9, 2009, the Missouri Commission on Human Rights issued a Notice of Right to Sue, however the Notice was not served upon Barnes.

Plaintiff argues in response that the Missouri Supreme Court in Hill v. Ford Motor Co., 277 S.W.3d 659 (Mo.banc 2009) determined that it was not necessarily fatal to a plaintiff's claim if an individual defendant was not named in the EEOC or MHRA administrative charge. In that case, the Missouri Supreme Court stated:

> Federal cases construing a similar federal requirement have held that requiring an individual to be named in the charge in order to be included in the later civil suit serves two purposes: to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation, such as through the EEOC's conciliation process. . . . If allowing suit would not be inconsistent with these purposes, then some federal cases have forgiven a failure to join the individual in the initial charge.

Id. at 669 (internal citations omitted). In Hill, the Missouri Supreme Court found that the trial court had not considered these issues before granting summary judgment. The

Supreme Court therefore reversed the grant of summary judgment and directed the trial court to consider these factors on remand.

In two recent cases, courts in this jurisdiction have considered cases involving similar circumstances. In Adamson v. Durham D&M, LLC et al., No. 09-523-CV-W-ODS, (W.D.Mo. July 15, 2009), plaintiff sought remand arguing that the case had been improperly removed from state court. Defendants argued that the individual defendants were fraudulently joined because one of the defendants has not been named in the administrative charge, the allegations were insufficient to support a claim against the individual defendant and the facts demonstrate that one of the individuals is entitled to judgment as a matter of law. However, the Court disagreed stating:

> Defendants do not contend the MHRA precludes claims against individuals; instead, they contend Plaintiff cannot maintain his particular claims against these particular individuals. In large measure, the inquiry Defendants call for is closely allied with the merits, and to that extent cannot be decided in this context. The Court cannot decide defendants are entitled to judgment based on facts or law, then disregard its jurisdiction to decide the case - doing so risks placing the proverbial cart before the horse. The Court's inquiry is limited, as explained in Filla [v. Norfolk S. Ry.Co., 336 F.3d 806, 810 (8th Cir. 2003)], to determining whether the law or facts are *clear* - an unusual circumstance that does not apply in the run-of-the-mill situation. This high standard is not met here.

Id. at pg. 3. Additionally, in Johnson v. Durham D & M LLC, No. 09-CV-0502-W-HFS, 2009 WL 2581265 (W.D.Mo. Aug. 19, 2009), the Court came to a similar conclusion, finding the decision in Adamson persuasive and granted plaintiff's motion to remand.

Thus, the failure to name Barnes as a respondent in the Administrative Charge does not mean that plaintiff is precluded from suing Barnes in this action or that she was fraudulently joined. As discussed in Hill, there are circumstances under which the case can proceed even though Barnes was not named. Therefore, "there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant."

Filla, 336 F.3d at 810.

### B. Sufficiency of the Complaint

Defendants second argument is that plaintiff failed to specifically identify any actionable conduct taken against him by Barnes which constitutes discrimination. Defendants state that aside from stating that Barnes was one of the individuals who was present at the February 12, 2008, meeting, he does not assert any allegations specifically against Barnes. Defendants also state that it was not Barnes' decision to terminate plaintiff and that she was not the decision-maker. In support of these assertions, defendants cite to Barnes' affidavit which is attached to their response.

Plaintiff states in response that Barnes' participation in misconduct in violation of the MHRA is specifically alleged in the petition. Plaintiff states that in his Petition he states in ¶ 7 that "[d]efendant Karen M. Barnes is and was at all times relevant to this action the Human Resources Manager at Bayer, and a citizen and resident of Kansas City, Jackson County, Missouri. In ¶ 17 plaintiff states that "[o]n or about February 12, 2008, plaintiff reported to defendant Bayer's offices at Human Resources' request. At this time, plaintiff was informed by defendant Barnes and his supervisor that defendants had determined that due to his involvement in the explosion he was being terminated. The true reason for the firing was age discrimination. On the same day, defendants terminated co-worker Sinderson as well." In paragraphs ¶¶19-20, plaintiff states, "The decision to terminate plaintiff was contrary to, and in violation of, defendants' disciplinary practices, policies and procedures, and demonstrated defendants' more favorable and preferential treatment of younger employees over the company's older workers. The aforementioned termination of plaintiff was discriminatory and intentional, and constituted a disparity in treatment toward plaintiff because of his age, in willful

5

violation of the Missouri Human Rights Act." Defendants ask the Court to consider the affidavit of Karen Barnes in which she states that it was not her decision to terminate plaintiff's employment, she was not the decision maker and she served only as a witness to the meeting in which plaintiff was notified of his termination. However, plaintiff asserts in his affidavit that Ms. Barnes was the highest ranking Human Resources Manager at the plant and based on his understanding, she was actively involved in the investigation and termination process. Plaintiff states that he was informed in a letter from Ms. Barnes that the company was going to conduct an investigation and that he was being placed on administrative leave. In the letter, Barnes invites plaintiff to contact her if he has any questions regarding the leave of absence or the accident investigation. Plaintiff states that he was terminated in Ms. Barnes' office and she actively participated in the termination meeting.

In Filla, the Court stated, "[w]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" Id. at 811 (quoting Iowa Pub. Serv. Co.[v. Medicine Bow Coal Co., 556 F.2d 400,406 (8th Cir. 1977)]). The Court agrees and finds that the state court will be in a better position to resolve the factual dispute regarding the extent of Ms. Barnes' involvement in plaintiff's termination.

### III. CONCLUSION

Accordingly, the Court here by **GRANTS** plaintiff's Motion to Remand (Doc. # 7). This case is hereby **REMANDED** to the Circuit Court of Jackson County, Missouri at Kansas City. The Clerk of the Court is directed to mail a certified copy of this Order to

6

the Clerk of the Circuit Court of Jackson County, Missouri at Kansas City as required by 28 U.S.C. § 1447(c).

Date: 12/10/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge